# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JAVIER J. GUMBS**
**United States Army, Appellant**

ARMY 20130803

Headquarters, Fort Riley
Jeffery R. Nance, Military Judge
Lieutenant Colonel John A. Hamner, Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Yolanda McCray Jones, JA; Major Mary E. Braisted, JA (on brief).

For Appellee: Major Albert G. Courie III, JA; Major John K. Choike, JA; Captain Jaclyn E. Shea, JA (on brief).

29 September 2015

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of assault consummated by a battery upon a child under sixteen years of age (two specifications) and child endangerment by design (three specifications), in violation of Articles 128 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 928, 934 (2012) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a dishonorable discharge, thirty-two months of confinement, and reduction to Private E1.

This case is before us for review pursuant to Article 66, UCMJ. Appellant has assigned one error, which merits neither discussion nor relief.[*] However, after review of the entire record, we are not convinced beyond a reasonable doubt as to one element of appellant's guilt. Accordingly we will except "on divers occasions" from Specification 1 of Charge II in our decretal paragraph.

---

[*] We have also reviewed those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and they are without merit.

Specification 1 of Charge II alleged appellant struck his five year old step-child, LV "on divers occasion . . . on the buttocks and back with a belt." The evidence introduced at trial to support this allegation was the testimony of LV that appellant hit him once with a belt on his leg; the testimony of the seven year-old older brother, CT, that he saw appellant hit LV once but *believed* it happened more than once; and the testimony of government's medical expert that the marks on LV were "very consistent with inflicted trauma as opposed to disease process or accidental injury" and that some marks were older than others. Both children testified that their mother struck them with a belt as well.

In accordance with Article 66(c), UCMJ, we review issues of legal and factual sufficiency *de novo*. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for legal sufficiency is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324 (C.M.A. 1987); *see also Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Humphreys*, 57 M.J. 83, 94 (C.A.A.F. 2002). In resolving questions of legal sufficiency, we are "bound to draw every reasonable inference from the evidence of record in favor of the prosecution." *United States v. Barner*, 56 M.J. 131, 134 (C.A.A.F. 2001). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we] are [ourselves] convinced of the accused's guilt beyond a reasonable doubt." *Turner*, 25 M.J. at 325.

Having completed our review and in consideration of the entire record, we AFFIRM only so much of Specification 1, Charge II as finds:

> [Appellant], did, at or near Fort Riley, Kansas, between on or about 23 June 2012 and on or about 7 October 2012, unlawfully strike LV, a child under the age of sixteen years, on the buttocks and back with a belt.

The remaining findings of guilty are AFFIRMED. We are able to reassess the sentence on the basis of the error noted and do so after conducting a thorough analysis of the totality of circumstances presented by appellant's case and in accordance with the principles articulated by our superior court in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013) and *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986). We are confident that based on the entire record and appellant's course of conduct, the military judge would have imposed a sentence of at least that which was adjudged, and accordingly we AFFIRM the sentence.

We find this reassessed sentence is not only purged of any error but is also appropriate. All rights, privileges, and property, of which appellant has been

deprived by virtue of that portion of the findings set aside by our decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court